IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30541
Conference Calendar

_____


NELSON SMITH,

                                        Plaintiff-Appellant,

versus

MARK A. MARINO, Mr., I.D.B.;
FIFTH CIRCUIT COURT OF APPEALS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-1188-J
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Nelson Smith, Louisiana prisoner # P-1, C19, seeks leave to proceed in forma pauperis (IFP), following the district court's certification that his appeal from the denial of his motion for leave to file a civil-rights complaint was not taken in good faith.

     Smith argues that the district court abused its discretion in dismissing his complaint, that counsel handled the appeal from

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his conviction in an inappropriate manner, as frivolous.  Marino,

Smith's court-appointed criminal attorney is not a state actor

for purposes of § 1983 liability.  Polk County v. Dodson, 454

U.S. 312, 324-25 (1981); see also Mills v. Criminal Dist. Court

No. 3, 937 F.2d 677, 679 (5th Cir. 1988).  The district court did

not abuse its discretion in dismissing Smith's claims against

Marino as frivolous because he was not a state actor as required

for liability under § 1983.

Smith's appeal is without arguable merit and is frivolous.

Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Accordingly, Smith's IFP motion is DENIED and the appeal is

DISMISSED.  5TH CIR. R. 42.2.  Smith's motion to appoint counsel

and supplement the record is also DENIED.

The dismissal of this appeal as frivolous counts as a strike

for purposes of 28 U.S.C. § 1915(g) as does the district court's

dismissal as frivolous of the original complaint.  We caution

Smith that he has already accrued two strikes and that once he

accumulates three strikes, he may not proceed IFP in any civil

action or appeal filed while he is in prison unless he is under

imminent danger of serious physical injury.  See 28 U.S.C.

§ 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; WARNING ISSUED.